IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
           Plaintiff,

v.                                             No. 05-CR-1599 MCA

ANTHONY DEWAYNE HASSON,
           Defendant.

## ORDER

**THIS MATTER** is before the Court on remand from our Tenth Circuit Court of Appeals [See Doc 270] and on *Anthony Dewayne Hasson's Motion To Compel Discovery* [Doc 310]. Upon receipt of the mandate from the Tenth Circuit Court of Appeals, which reversed and remanded this matter for resentencing, this Court held a status conference and ordered the parties to brief the proper scope of the impending resentencing hearing. [Do281] Having received the briefing and conducted two hearings, the Court (1) determines that a *de novo* sentencing is in order, with the receipt of evidence to be dictated by the guidelines outline in this *Order* and (2) denies Defendant's motion to compel.

**I.**     **BACKGROUND**

Defendant pleaded guilty to one count of conspiracy to distribute controlled substances and one count of conspiracy to launder money. Defendant was sentenced by this Court on January 16, 2007 to 292 months in prison. In his appeal, Defendant challenged the calculation of a two-level increase in the offense level and this Court's denial of his motion to withdraw his guilty plea. The Tenth Circuit Court of Appeals affirmed the issues related to the plea agreement but reversed this Court's calculation of

Defendant's sentence.  See United States v. Hasson, 287 Fed.Appx. 712 (10th Cir. 2008).

The Court held two hearings, on August 17, 2010 and November 30, 2010, in order to determine the proper scope for the resentencing hearing.  After these hearings, Defendant filed a *Anthony Dewayne Hasson's Motion To Compel Discovery* [Doc 310], requesting the Government to turn over a number of documents.  The Government responded in opposition to Defendant's discovery request.  This *Order* addresses both the proper scope of the resentencing hearing and Defendant's request for discovery.

## II.   ANALYSIS

### A.   Scope of Resentencing

On remand, a district court conducts resentencing de novo.  United States v. Todd, 515 F.3d 1128, 1139 (10th Cir. 2008).  Where the appellate court has not "specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing beyond the sentencing error causing the reversal." United States v. Hicks, 146 F.3d 1198, 1200 (10th Cir. 1998) (internal quotation marks and citation omitted).  As such, the district court is "free to receive any relevant evidence that it could have heard at the first sentencing hearing." Todd, 515 F.3d at 1139.  The Court is further "free to make new findings of fact, credibility determinations, and conclusions of law based on that evidence." Id.  Finally, the Court "may impose any reasonable sentence, within or without the Guidelines, consistent with the considerable range of discretion afforded to it." Id.

The Government contends that our Circuit's mandate limits the scope of

resentencing. Specifically, the Government maintains that the mandate establishes, as law of the case, the appropriate Guidelines range as between 235 and 293 months and that this Court's discretion is limited to whether Defendant's sentence will be within, or a departure from, that established range. Defendant argues that the factual circumstances that led to the Circuit's Guideline calculation can be revisited. Specifically, Defendant intends to challenge the following: (1) the factual support for the four-level enhancement under Guidelines Section 1B1.1; (2) the factual support for the recommended criminal history category; (3) whether Defendant was "personally responsible" for the distribution of 750 kilograms of cocaine; (4) whether Defendant was "personally responsible" for the distribution of 11,190 kilograms of marijuana; and (5) whether Defendant is entitled to a downward variance from the Guideline range. [Doc 285 at 4-5] To resolve the dispute, the Court turns to the language of the mandate. See Hicks, 146 F.3d at 1200.

In the mandate, our Circuit stated the following: "In light of the foregoing, we AFFIRM Hasson's convictions, but REVERSE and REMAND his sentence to the district court with instructions to vacate and resentence the defendant." Hasson, 287 Fed.Appx. at 719. Earlier in the opinion, the Circuit explained its reasoning in the following manner:

> In this case, the district court, relying on the PSR, transposed two of the requisite steps and thereby miscalculated the appropriate sentencing range. By grouping the two separate counts of conviction before it applied § 2S1.1(b)(2)(B)'s specific offense level that should have been added only to Count 3's base offense level. This had the effect of overstating Hasson's total offense level by two levels. As a result, Hasson's advisory Guidelines

>range for Count 1 was miscalculated as being between 292 and 365 months
>when it should have ranged from 235 to 293 months.

Id. at 718-19 (internal footnotes omitted).  Based on this language, the Government argues that the range of 235 to 293 months is now the "law of the case" and that this Court may not recalculate the range based on any additional evidence or testimony.  [Doc 282 at 3]  I am not persuaded by the Government's interpretation of the Circuit's opinion.

Reading the entire paragraph, as quoted above, the Circuit intended to explain this Court's error and not to limit the scope of this Court's inquiry on remand for resentencing.  The quoted language highlights the importance of resentencing, given the differences between the range as originally calculated by this Court and the range that would have resulted from the Circuit's calculation.  Nothing about the language of the opinion limits this Court's discretion in conducting resentencing—apart from the technical directions for correct calculation of the range.  See United States v. Lang, 405 F.3d 1060, 1064 (10th Cir. 2005) (concluding that a "general mandate does not contain the type of specificity necessary to limit a district court's authority to resentence on remand").

Further, in the final paragraph of the opinion, the Circuit stated that "[w]hen a defendant is sentenced at the bottom of the sentencing range and the district court committed procedural error in imposing that sentence, there is a strong indication that, absent that error, the district court might have selected a lesser sentence."  Hasson, 287 Fed.Appx. at 719.  The Court continued, in order to point out that "[h]ad the district court

sentenced Hasson at the bottom of a correctly calculated Guidelines range, he would have received a sentence of 235 months' imprisonment, or some 57 months fewer than the sentence he received." Id. "Accordingly," the Court held, "we reverse and remand for resentencing." The Court did not specify a range for this Court to apply on resentencing—only that resentencing was necessary because this Court had previously imposed a sentence on the low end of the incorrectly-determined range. Review of the Circuit's mandate demonstrates that it speaks only to proper calculation of the Guideline range and does not, as the Government suggests, make "a formal finding that the proper Guidelines range is 235 to 293 months." [Doc 282 at 3]

Although the scope of resentencing is not limited by the mandate, the evidence and arguments that are to be entertained at resentencing are clearly within this Court's discretion. See United States v. Moore, 83 F.3d 1231, 1235 (10th Cir. 1996). The district court is permitted to use "common sense and efficiency" in determining the scope of resentencing, and as such, the Court may "resolve not to entertain new arguments and evidence and simply rely on the original briefing and arguments." Id.

Defendant indicates that he intends to pursue five issues during resentencing, and at the November 30, 2010 hearing, Defendant clarified those issues for the Court: (1) the factual basis for the organizer or leader enhancement; (2) the factual basis for the "claim that Mr. Hasson distributed cocaine as part of the marijuana conspiracy;" (3) the factual basis for the amounts of the controlled substances, as they are represented in the presentence report; (4) the factual basis for the start date of the criminal conspiracy, as it

relates to the recommended criminal history category; and (5) the factual basis for the money laundering. [Status Conference Transcript, November 30, 2010, at 11:28:10-11:28:54] Review of the August 23, 2006 Plea Agreement reveals that as a part of his Plea Agreement, Defendant admitted to the factual basis for the amounts of the controlled substances, the start of the conspiracy, and the money laundering.

At page 3 of the Plea Agreement [Doc 155], under the heading "Factual Basis," the parties agreed that "[b]eginning at least as early as January 1, 1999, and continuing thereafter until July 26, 2005, in the State and District of New Mexico, and elsewhere, Defendant ANTHONY DEWAYNE HASSON conspired with . . . others to possess with intent to distribute more than 1,000 kilograms of marijuana." [Id. at 3] On page 4, the Plea Agreement states that "[d]uring the course of the drug conspiracy and in order to further its objectives, Defendant ANTHONY DEWAYNE HASSON had direct personal knowledge of, or personally handled, the distribution of more than 6,000 kilograms of marijuana." [Id. at 3] Finally, on page 5, the Plea Agreement asserts that "[d]uring the course of the money laundering conspiracy and in order to further its objective, Defendant ANTHONY DEWAYNE HASSON had direct personal knowledge of, or personally handled, the laundering of proceeds from the sale of more than 1,000 kilograms of marijuana." [Id. at 5]

After setting forth these facts, Defendant twice acknowledged their validity and future applicability. First, in the Plea Agreement itself:

> Defendant admits all the foregoing facts and admits that there is a factual basis for each element of the crimes to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

[Id. at 5]  Second, at the plea colloquy held on August 23, 2006, the Government recited the facts set forth in the Plea Agreement, including the above statement. [Doc 260 at 9] Immediately after the Government reiterated the above-quoted statement, the Court asked Defendant: "Mr. Hasson, you have heard the recitation of the facts. You have read that, I trust?"  [Id.]  Defendant responded, "Yes,"  [Id.]  The Court stated, "Do you agree with the representations there?"  [Id.]  Defendant responded, "Yes."  [Id.]  Our Circuit has concluded that "a defendant who makes a counseled and voluntary guilty plea admits both the acts described in the indictment and the legal consequences of those acts." United States v. Torres-Romero, 537 F.3d 1155, 1159 (10th Cir. 2008) (internal quotation marks and citation omitted). Although Defendant attempted to withdraw his plea, this Court denied his motion to withdraw and was affirmed in that denial by our Circuit. [See Doc 184 (*Memorandum Opinion And Order* Dec. 20, 2006); Doc 270-1 (*Order And Judgment* August 20, 2008)]. Thus, Defendant has admitted these facts and cannot challenge them at this juncture.

Defendant has also indicated an intent to challenge the factual basis for the "claim that Mr. Hasson distributed cocaine as part of the marijuana conspiracy." Cocaine is mentioned in Count 1 of the Indictment, which accuses Defendant of engaging in a conspiracy to distribute "more than 1,000 kilograms of marijuana and more than 5

kilograms of cocaine." [Doc 1 at 1-2] And that charge is reiterated in the *Third Addendum To The Presentence Report* delivered to the Court on August 23, 2010. Nevertheless, the *Third Addendum To The Presentence Report* makes clear that, based on a stipulation in the Plea Agreement, Defendant is only responsible for laundering the proceeds from between 1,000 and 3,000 kilograms of marijuana. The offense level was calculated based only on the marijuana. Accordingly, any references to cocaine have not had any bearing on the recommended offense level or any potential sentence calculated therefrom.

Regarding the four-level enhancement, the transcripts from the December 15, 2006 and January 16, 2007 sentencing hearings indicate that not only has this Court addressed the four-level role adjustment, the parties briefed the issue and the Court received four hours of evidence and testimony from the Government. [See Docs 196, 197, 199, & 202 (briefs); Doc 252 (January 16, 2007 Transcript)] It appears that Defendant was not prepared at the January 16, 2007 hearing to present witnesses. [Id. at 10] The Court will exercise its discretion to permit Defendant to challenge the four-level enhancement at the resentencing proceeding.

At the August 17, 2010 hearing, this Court proposed the following protocol for the sentencing hearing:

> [I]t seems to me that at the time we formally convene a sentencing hearing, that the defendant should have an opportunity to cross-examine the Government witnesses that gave testimony previously at the sentencing hearing. I don't think the Government necessarily has a right to conduct direct examination, but I think they need to make the witnesses available for

cross-examination. If there were questions that could have been asked at the initial sentencing that were not asked, I think they should be asked now. I think, then the Government can then conduct a redirect examination.

[Doc 300 at 16] Counsel for Defendant responded that this seemed "like a very good procedure," and the Government did not object.

On November 30, 2010, at the status conference, the parties informed the Court that there was again a disagreement about the scope of the resentencing hearing—specifically, about what the Government was required to produce.[1] The Government stated its position that it would not make available for cross examination confidential informants who had testified by way of affidavit at the first sentencing hearing. Defendant responded that he has a due process right to ensure the reliability of the witnesses who testify.

"The Supreme Court has made clear that the constitutional requirements mandated in a criminal trial as to confrontation and cross-examination do not apply at non-capital sentencing proceedings." United States v. Beaulieu, 893 F.3d 1177, 1180 (10th Cir. 1990) (internal footnote omitted). Due process, however, "requires that a defendant not be sentenced on the basis of misinformation of a constitutional magnitude." Id. at 1181 (internal quotation marks and citation omitted). This means that Defendant must "be given adequate notice of and an opportunity to rebut or explain information that is used

---

[1] At the August 17, 2010 hearing, the Government was represented by an attorney who had not prosecuted the case in its earlier stages. The original prosecuting attorney returned and voiced his concerns about the upcoming sentencing proceedings, which precipitated the November 30, 2010 status conference.

against him." Id.  There is no question that Defendant is aware of the affidavits that the Government proposes to submit and that he will have the opportunity to rebut or explain them with his own evidence.  At the time of the hearing, the Court will best be able to evaluate the affidavits to determine their reliability, based on whether they are corroborated by other evidence and testimony.  See id. (rejecting the argument that hearsay was erroneously considered in part because the "testimony was corroborated by physical and documentary evidence at the trial and by appellant's admissions at his sentencing hearing").

The Government has agreed to produce the co-case agent who testified at the original hearing, as well as the primary case agent, who was unavailable in 2006 and 2007.  This Court will not order the Government to physically produce the witnesses who originally testified by affidavit.  Defendant is welcome to rebut or explain the sworn testimony that has already been presented to the Court by means of the affidavits, but due process does not require, at the sentencing stage, their live testimony or their submission to cross examination.

**B.**     **Motion to Compel Discovery**

As stated earlier, after the hearings held by this Court to determine the scope of resentencing, Defendant filed a motion to compel discovery.  In that *Motion*, Defendant requested nine categories of documents from the Government.  For each of these nine categories, Defendant provides extensive reasoning for the relevancy of the documents but does not demonstrate that these documents exist.  For example, with regard to the

request for "[s]worn statements, debriefings, reports of investigation (such as DEA-6 reports), and notes from officers interviews of CW3 Sheppard," the Government as represented that in 2007, it turned over the only document related to CW3 Sheppard. The Government states that it will again turn over that document, but as to the remainder of Defendant's requests in this regard, no other documents or reports exist.

In the next three categories, Defendant requests documents relating to certain witnesses "if there are other statements." The Government represents that, to the best of its ability, it has determined that there are not other statements. With regard to the remaining specific documents, the Government has stated that it has turned over all known information regarding the identified witnesses and that it will again turn over the documents.

Based on the Government's proffer, full disclosure, indeed more disclosure than would be required pre-trial has been provided to Defendant. As set forth in preceding paragraphs, Defendant will be afforded an opportunity at resentencing to use the documents and reports that have already been disclosed—or soon to be re-disclosed—in order to contest the four-level leader/organizer enhancement.

### III.  CONCLUSION

In light of the mandate from the Tenth Circuit Court of Appeals, this Court will conduct a de novo sentencing proceeding. Defendant will not be permitted to dispute facts to which he admitted in the Plea Agreement or which are not pertinent to the sentencing recommendation. Due process does not require the Government to produce

witnesses for cross examination who previously testified by means of affidavit.  Further, the Government has disclosed all of the information in its possession related to the witnesses identified by Defendant.

**IT IS THEREFORE ORDERED** that the Government will produce for cross examination its witness who previously provided live testimony, as well as any exhibits it previously relied upon.  The Defendant is permitted to produce evidence and testimony in support of his objections.

**IT IS FURTHER ORDERED** that *Anthony Dewayne Hasson's Motion To Compel Discovery* [Doc 310] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties prepare and file objections to the presentence report, sentencing memoranda, or motions related to sentencing within 30 days of the date of this Order, with responses due 14 days thereafter.

**IT IS FURTHER ORDERED** that *Defendant Anthony Dewayne Hasson's Unopposed Motion For Enlargement Of Time Within Which To File Objections To The Presentence Investigation Report* [Doc 274] is **DENIED AS MOOT**.

**SO ORDERED** this 25th day of July, 2011, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge