IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            No. CR 05-1599 MCA

ANTHONY D. HASSON,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 (Doc. 404) filed on January 10, 2013.  Defendant asserts that his postconviction rehabilitation efforts warrant a resentencing and reduction of his sentence.  The motion will be denied.

      The starting point in analyzing a defendant's motion to reduce sentence is the governing statute's prohibition of modifying a sentence except under specified circumstances.  *See* 18 U.S.C. § 3582(c); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. Feb. 14, 2006) ("We have explained that ' "[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has <u>expressly</u> granted the court jurisdiction to do so." ' ") (alterations and emphasis in original) (citations omitted).  The only relief available on a defendant's motion under § 3582(c)(2) is where the Sentencing Commission, after a sentence has been imposed, retroactively lowers the sentencing range applicable to the offense of conviction.  *See* § 3582(c)(2); *U.S.S.G. Manual* (2007) Ch. 5 Part A; § 1B1.10(c).  A defendant's sentence may then be reduced in accordance with the factors in 18 U.S.C. §3553(a).  *See* § 3582(c)(2).  Because the Commission has

not lowered the sentencing range applicable to Defendant's offense, the Court has no authority under § 3582(c)(2) to reduce his sentence. *Cf., e.g., Price*, 438 F.3d at 1007 ("even if [*United States v. Booker*, 543 U.S. 220 (2005),] could be read to be an implicit lowering of Price's sentencing range, . . . *Booker* does not provide a basis for a sentence reduction under § 3582(c).").

Defendant's motion implicitly contends that postconviction rehabilitation provides grounds for vacating a judgment and resentencing a defendant. This proposition, however, ignores the rule noted above that resentencing must be expressly authorized, and only when resentencing is required may rehabilitation then be considered. As stated by the Supreme Court in the case cited by Defendant, "We hold that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation." *Pepper v. United States*, 131 S. Ct. 1229, 1326 (2011). A motion to reduce sentence based on Defendant's postconviction rehabilitation is contemplated only by 18 U.S.C. § 3582(c)(1)(A), if at all, and must be brought by the Director of the Bureau of Prisons. *See* § 3582(c)(1)(A). Because Defendant presents no statutory authority for the relief he seeks, the Court will deny his motion.

IT IS THEREFORE ORDERED that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 (Doc. 404) filed on January 10, 2013, is DENIED.

_____
UNITED STATES DISTRICT JUDGE